IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO.  3:20-cr-00332-K |
|---|---|
| v. | |
| YURI ALISHAEV | |

## PLEA AGREEMENT

Yuri Alishaev, the defendant; Susan Kellman, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have the defendant's guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 4, that is, misprision of a felony. The defendant understands the nature and elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed three years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can

predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment is probation. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed term of imprisonment being probation, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

8. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement

under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9. **Forfeiture of property, and restitution**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property of property seized or restrained during the investigation of this matter. The defendant agrees that this property is subject to forfeiture pursuant to any applicable statute(s). The defendant consents to entry of any orders or declarations of forfeiture regarding this property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence

necessary for the government to forfeit the property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

Before the plea hearing/arraignment in this case, the defendant agrees to tender $150,000.00 to the United States District Clerk in the Northern District of Texas, in the form of a cashier's check made payable to the United States District Clerk and referencing this case, to be applied to the restitution amount ordered in the instant case. Before the sentencing hearing in this case, the defendant agrees to tender $350,000.00 to the United States District Clerk in the Northern District of Texas, in the form of a cashier's check made payable to the United States District Clerk and referencing this case, to be applied to the restitution amount ordered in the instant case.

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or

withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant further waives any right to contest venue or jurisdiction in this matter. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14.  **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15.  **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or

representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 20th day of July, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

*Ryan R. Raybould*
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8713
Email: ryan.raybould2@usdoj.gov

*Keith Robinson*
KEITH ROBINSON
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   07-20-2020
YURI ALISHAEV                Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

*Susan G. Kellman*            7/20/2020
SUSAN KELLMAN                Date
Attorney for Defendant

Plea Agreement—Page 8