IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO.   3:20-cr-00332-K |
|---|---|
| v. | |
| YURI ALISHAEV | |

## FACTUAL RESUME

In support of his plea of guilty to the offense in Count One of the Information, Yuri Alishaev, the defendant, Susan Kellman, the defendant's attorney, and the United States of America ("the government") stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 4, that is, misprision of a felony, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That a federal felony was committed, as charged in Count One of the Information;

*Second.*  That the defendant had knowledge of the commission of the felony;

*Third.*  That the defendant failed to notify an authority as soon as possible. An authority includes a federal judge or some other federal civil or military authority, such as a federal grand jury or an FBI agent; and

*Fourth.*  That the defendant did an affirmative act, as charged, to conceal the crime.

---

[1] Fifth Circuit Pattern Jury Instruction 2.06 (5th Cir. 2019).

Factual Resume—Page 1

The elements of conspiracy, a violation of 18 U.S.C. § 371, are as follows:[2]

*First.*   That the defendant and at least one other person made an agreement to commit the crime of transferring stolen property;

*Second.*   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*   That one of the conspirators during the existence of the conspiracy knowingly committed an overt act to accomplish some object or purpose of the conspiracy.

The elements of transferring in interstate commerce stolen property, a violation of 18 U.S.C. § 2314, are as follows:[3]

*First.*   That the defendant transported or caused to be transported in interstate commerce items of stolen property;

*Second.*   That at the time of such transportation, the defendant knew the property had been stolen; and

*Third.*   That the property had a value of $5,000 or more.

## STIPULATED FACTS

1.   From on or about July 27, 2015, through on or about August 12, 2015, **Yuri Alishaev**, the defendant, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: conspiracy to commit interstate transportation of stolen property, money, and goods, did conceal the same by helping

---

[2] Fifth Circuit Pattern Jury Instructions 2.15A (5th Cir. 2019 ed.).

[3] Fifth Circuit Pattern Jury Instruction 2.88 (5th Cir. 2019 ed.).

Rubenhay Pinkhasov (identified in the Information as Co-Conspirator 1) sell stolen diamonds, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

2. More specifically, in July 2015, Pinkhasov reached out to Yuri Alishaev, who is a known dealer of jewelry and diamonds in New York, New York, to help sell diamonds. Given the circumstances of his dealings with Pinkhasov from July to August 2015, Alishaev knew that the diamonds were stolen. Alishaev, after receiving the diamonds from Pinkhasov, sent approximately $500,000 to Pinkhasov, which Alishaev paid in two separate installments.

3. Alishaev helped conceal the felony offense of conspiracy to commit interstate transportation of stolen property by selling some of the diamonds in New York, New York.

4. Yuri Alishaev further admits that in mid-August 2015, he and Pinkhasov, after learning that the FBI was involved, also agreed that they would never speak about the stolen diamonds. Alishaev never reported to the FBI or any other civil or judicial authority under the United States that the diamonds he received from Pinkhasov were stolen. Nor did Alishaev make any efforts to obtain the stolen diamonds and return them to their rightful owner.

5. Yuri Alishaev waives any challenge to venue in the Dallas Division of the Northern District of Texas.

6.    Alishaev further agrees that the loss attributable to his conduct is approximately $1,054,619.58, which is the amount attributable to the consignment memorandum that was presented to Alishaev when he agreed to purchase the diamonds.

7.    Alishaev agrees that he committed all the essential elements of the offense to which he is pleading guilty. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The

[Nothing further on this page.]

limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this  7th  day of      July        , 2020.

*(signature)*
YURI ALISHAEV
Defendant

*(signature)* Susan G. Kellman
SUSAN KELLMAN
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

*(signature)* Ryan R. Raybould
RYAN R. RAYBOULD
Assistant United States Attorney
Kansas Bar No. 25429
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Tel: 214-659-8682; Fax: 214-659-8803
Email: ryan.raybould2@usdoj.gov