# LAW OFFICES OF SUSAN G. KELLMAN

25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718)783-8200•FAX(718)783-8226•SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

December 10, 2020

<u>Via ECF and Email</u>
The Honorable Jane J. Boyle
United States District Judge
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242

       ***Re:   United States v. Yuri Alishaev***
         ***20 Cr. 00332***

Dear Judge Boyle:

  I write on behalf of my client Yuri Alishaev to respectfully request that your Honor reconsider your decision not to accept the plea agreement which was negotiated in good faith between Mr. Alishaev and the United States Attorney for the Northern District of Texas. Government counsel joins in this request.

  <u>Arms-Length Plea Negotiations</u>

  The agreement between the parties was not arrived at lightly; rather, there was considerable exchange between the parties regarding evidence, and context, before we were able to reach agreement on all of the moving parts that attend criminal proceedings. Indeed, the plea agreement presented to your Honor was reached after long and detailed negotiations and was ultimately viewed by both the government and the defense as a "mutual acknowledgment" of the case's strengths and weaknesses.

  During the negotiations, the government took into account the fact that there was no evidence that suggested that Mr. Alishaev played any role whatsoever in the thefts that gave rise to his ultimate purchase of the jewelry. Indeed, the jewelry thefts occurred years before Mr. Alishaev was even approached by the individual who ultimately sold him the jewels. Further, there is no evidence that Mr. Alishaev knew anything about the origin of the jewels and the types of offenses through which the jewels were obtained; and, in fact,

purchased them from a relative whom, initially, he had no reason to distrust.

Paramount to the negotiations was the fact that Yuri Alishaev, had led an exemplary life until the day he made the grave mistake which resulted in the charges in this case. Having fled Uzbekistan with his family as a youngster because of religious persecution, he and his family were ultimately able to immigrate to the United States from Israel. With limited English, his father began to build a small jewelry business. His father died suddenly and tragically of a heart attack when Mr. Alishaev was still in high school. After watching his mother struggle to raise him and his siblings, Yuri Alishaev quit high school and, together with his immediate and extended family, over time, built a thriving business. His hard work and good fortune allowed him to contributed to the growth of his neighborhood, by building schools for children, funding programs for children with learning disabilities and developing recreational centers where neighbors of all ages to congregate as one unified community in New York City, as the letters attached to our sentencing submission bear out. Over decades, Mr. Alishaev has donated his time, effort, and financial resources to assist those in need and is viewed as a respected member of in the Bukharian community. The letters submitted to the Court in connection with Mr. Alishaev's sentencing confirm that his is viewed by his loved ones and his community as a very kind and generous member of society who made a mistake—for which he is sincerely remorseful. More than a dozen letters were submitted to your Honor in Mr. Alishaev's sentencing letter – all of which attested to his kindness, his generosity and his lifelong commitment to being a responsible citizen.

### Guideline Calculations

Even without the negotiated Rule 11(c)(1)(C) agreement, Mr. Alishaev's Base Offense Level is 11; and he is in Criminal History Category I. Thus, his Sentencing Guidelines range is 8 months to 14 months, which is Zone B on the Sentencing Table. Significantly, Zone B permits the Court to impose a non-custodial sentence, per U.S.S.G. § 5C1.1(e). Critically, U.S.S.G. § 5C1.1 comment (n.4) recommends that if that defendant is a non-violent first offender – as Mr. Alishaev is – and the applicable guideline range is Zone A or B of the Sentencing Table, the Court should consider imposing a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3). While U.S.S.G. § 5F1.2, permits a period of home detention which can

be surveilled electronic monitoring, alternative means of surveillance may be used if appropriate.  U.S.S.G. § 5F1.2, comment (n.1).

### Restitution

Another key component to the negotiations, was the government's principled position that required Mr. Alishaev to acknowledge that many people had been harmed financially by these thefts. To make things right – Mr. Alishaev, offered to pay $500,000 – before your Honor had accepted the plea agreement and before there was a restitution order in place. Indeed, per the terms of the plea agreement, in the week preceding what was to be his sentencing, he made a final payment, to the Clerk of Court of $350,000, having satisfied his end of the bargain by committing $500,000 to a restitution fund.

### Acceptance of Responsibility

Mr. Alishaev takes full responsibility for his unlawful conduct.  He has learned a valuable, humiliating and painful lesson and will never go down the road that brought him to this place again.  All human beings make mistakes and, for those who have never strayed before, a second chance – to right his wrongs – drove the plea negotiations.

### Conclusion

I am a newcomer to the Northern District of Texas; however, I did my homework before appearing here. I learned that your Honor is respected for your level of preparedness, keeping an open mind and never pre-judging a case. Respectfully, therefore, we ask your Honor to take a second look at this plea agreement. If your Honor has questions about the case – we respectfully request an opportunity to address your Honor's concerns.

We respectfully request that your Honor balance Mr. Alishaev's life as a hardworking, law abiding citizen, who has the utmost respect for the law, is a loving and devoted husband, brother and father and an active and generous contributor to his community –with the single transgression that resulted in the charge pending before this Court. Mr. Alishaev's recognition of his wrongdoing, his willingness to acknowledge this misdeed by accepting full responsibility and for attempting to right his wrong – up front – by paying $500,000, per the terms of the plea agreement, to victims of the criminal actions that

bring us to this day – money that your Honor may well have ordered as a part of a sentence – but money that he willingly offered up to evidence his sincere acceptance of responsibility for his conduct.

    Accordingly, and respectfully, together with government counsel, we pray that your Honor will reconsider your position and give us an opportunity to be heard as to how and why we reached this plea agreement and why both sides believe that justice if best served by the Court's acceptance of the terms of the agreement.

                                                Respectfully submitted,

                                                /s/

                                                Susan G. Kellman, Esq.

cc:    Joseph Magliolo., Esq.
        Asst. United States Attorney

        Yuri Alishaev